| | |
|---|---|
| LOUIS HOLGER, | CASE NO. C22-02 MJP |
| Plaintiff, | ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT |
| v. | |
| SONIA R. ROMAIN, et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiff Louis Holger's Motion For Relief From Judgment. (Dkt. No. 24.) Having reviewed the Motion and all supporting materials, the Court DENIES the Motion.

**BACKGROUND**

The Court issued an Order of Dismissal, dismissing this action with prejudice given the Complaint's frivolous claims and claims barred by various immunities. (Dkt. No. 14.) The Clerk entered separate judgment. (Dkt. No. 15.) Invoking Federal Rule of Civil Procedure 60, Plaintiff asks the Court to set aside the Order and Judgment for three

reasons: (1) "The bogus order of dismissal is lacking the seal of the court & the signature of the clerk of court, as is required under 28 U.S.C. § 1691" (Mot. at 2 (Dkt. No. 24)): (2) "The bogus order & false document, both, violate Plaintiff's bona fide United States Constitutional Right to a jury trial guaranteed by the 7th United States Amendment" (Id. at 3); and (3) he was unable to file opposition papers between February 3 and March 28, 2022 to Defendant Jonas Walker's Motion for Screening (Id.).

## ANALYSIS

**A.     Legal Standard**

Federal Rule of Civil Procedure 60 permits the Court "[o]n motion and just terms" to "relieve a party or its legal representative from a final judgment, order, or proceeding . . . ." Fed. R. Civ. P. The Court may do so "for the following reasons:

>     (1) mistake, inadvertence, surprise, or excusable neglect;
>     (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>     (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>     (4) the judgment is void;
>     (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>     (6) any other reason that justifies relief.

Id. Plaintiff invokes subsections (b)(1), (b)(4), and (b)(6) as the bases to vacate the Order and Judgment. The Court reviews all three subsections.

Under Rule 60(b)(1), "the determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3)

the reason for the delay; and (4) whether the movant acted in good faith." Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)).

Under Rule 60(b)(4), "[a] judgment is not void . . . simply because it is or may have been erroneous." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010) (citations omitted). "Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." Id. at 271 (citations omitted).

And "[j]udgments are not often set aside under Rule 60(b)(6)." Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1103 (9th Cir. 2006). This rule is employed to "prevent manifest injustice" but only in "extraordinary circumstances" that "prevented a party from taking timely action to prevent or correct an erroneous judgment." Id. (quotation omitted). "[A] party who moves for such relief must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with . . . the action in a proper fashion." Id. (citation and quotation omitted).

**B.      No Basis to Set Aside Order and Judgment**

None of Plaintiff's arguments convinces the Court that the Order or judgment should be set aside.

First, Plaintiff argues that the Court's Order and Judgment are void because they lack the seal of the Court, in violation of 28 U.S.C. § 1691's requirement that "[a]ll writs and process issuing from a court of the United States shall be under the seal of the court

and signed by the clerk thereof." The Court finds no merit to this argument. The Court's signed Order was issued under the seal of the Court as indicated on the front page of the Order. The Order was posted to the docket using the Court's Electronic Case Filing system. The Judgment was signed by the Clerk of Court under the seal of the Court as indicated in the header. And the Judgment was posted to the docket using the Court's Electronic Case Filing system. There are no irregularities in the Order or Judgment that might violate 28 U.S.C. § 1691. This argument fails to convince the Court that either the Order or Judgment should be set aside under Rule 60.

Second, Plaintiff argues that Order and Judgment violate his right to a trial by jury because the Court dismissed his lawsuit under the Prison Litigation Reform Act, 28 U.S.C. § 1915A. But Plaintiff offers no rationale or legal support for this assertion. And the Court is unaware of any precedent that might support Plaintiff's argument that the PLRA violates the Seventh Amendment. Plaintiff's argument does not convince the Court that the Order or Judgment should be set aside under Rule 60.

Third, Plaintiff argues that he was deprived an opportunity to file an opposition to Defendant Walker's Motion for Screening due to his transfer out of Alaska. He claims he lacked the ability to file an opposition from February 3 to March 28, 2022. The Court accepts Plaintiff's assertion that during this time period he was transferred out of Alaska and that he spent some time in solitary confinement. But against this backdrop, the Court notes that Plaintiff has not stated that he failed to receive a copy of Defendant Walker's Motion. Nor does Plaintiff explain why he did not file an opposition between January 18 (the date the Motion was filed and mailed to Plaintiff (see Dkt. No. 5 at 17)) and

February 3, 2022. Yet Plaintiff was able to file several notices with the Court during the time he claims he could not file an opposition. (Dkt. Nos. 12, 13, 16.) And in his present Motion, Plaintiff provides no indication of what arguments he would have raised in opposition. Even if Plaintiff had filed an opposition, the Court remains convinced that it would have still ordered this case dismissed. That is because the Court engaged in an independent review and analysis of Plaintiff's Complaint that led it to conclude the claims it contains are frivolous and/or barred by immunities. Having considered the full record, the Court does not find that Plaintiff was fully prevented from filing an opposition or that his inability to file an opposition would have altered the Court's decision. Plaintiff's argument does not convince the Court that the Order or Judgment should be set aside under Rule 60.

## CONCLUSION

The Court has considered Plaintiff's Motion and finds that it fails to set out any basis to set aside the Order of Dismissal and Judgment in this case. The Court DENIES the Motion.

The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

Dated June 2, 2022.

Marsha J. Pechman[1]
United States Senior District Judge

---

[1] Sitting by designation. (See Dkt. No. 11.)

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT - 5
Case 2:22-cv-00002-MJP Document 25 Filed 06/03/22 Page 5 of 5